

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-88,349-03 AND WR-88,349-04

### EX PARTE JEREMY CHAD BRAUN, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W-069062-B-02-WR AND W-069063-B-02-WR
### IN THE 181ST DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of unlawful possession of a firearm by a felon in the -03 case, and possession with intent to deliver a controlled substance in a drug free zone in the -04 case. He was sentenced to ten years' imprisonment in the -03 case, and seventy years' imprisonment in the -04 case, to run consecutively. The Seventh Court of Appeals affirmed his convictions. *Braun v. State*, Nos. 07-15-00351-CR and 07-15-00352-CR (Tex. App. — Amarillo Aug. 11, 2017) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because counsel failed to seek dismissal of the -04 charges on the basis that the indictment was not timely, failed to challenge the grand jury process, failed to consult with and present testimony from a civil engineer or licensed surveyor to show that Applicant did not possess the drugs within 1,000 feet of a playground, failed to challenge the qualifications or methodology of the police officer who testified that Applicant's residence was within 1,000 feet of the playground, and failed to object to Applicant's sentences in both cases as being disproportionate to the gravity of the offenses based on the facts presented at trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall state when he was retained or appointed to represent Applicant, and whether the indictments in either or both cases had been returned at that time. If Applicant had not yet been indicted in the -04 case at the time trial counsel was retained or appointed, trial counsel shall state whether he considered filing a motion to dismiss the prosecution for failure to timely indict, pursuant to Article 32.01 of the Texas Code of Criminal Procedure. Trial counsel shall state whether he believed that there existed any basis upon which to challenge the grand jury proceedings in either case. Trial counsel shall state whether he considered using an expert to challenge the drug free zone allegation, and whether he challenged the qualifications of or the methods used by the police officer who testified at trial that the location where the drugs were found was within 1,000 feet of a playground. Finally, trial counsel shall state whether he considered objecting to the sentences assessed by the jury on the basis that they were disproportionate to the gravity of the offenses for which Applicant was on trial.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:  August 19, 2020
Do not publish